# PEOPLE

v.

## LUTHER FISHER

No. 521 - 1953

Police Court of the Virgin Islands

Div. of St. Thomas and St. John

August 25, 1953

CYRIL MICHAEL, District Attorney, *for the People*

DUDLEY, HOFFMAN & McGOWAN, St. Thomas, Virgin Islands (GEORGE H. T. DUDLEY, of counsel), *for complainant acting as private prosecutor*

CHRISTIAN, *Police Judge*

On July 16, 1953, Honorable Henry O. Creque brought an action of criminal trespass against Immigration Inspector Luther Fisher, alleging that Mr. Fisher entered his dwelling house without his permission or the permission of any one else authorized to give such permission, and conducted an unauthorized search therein for an alien in the United States in violation of the conditions of her admission.

The case was heard on July 24, 1953, in this court, and, after the facts were in, the Court continued the case until Memoranda of Law were presented by the attorneys in the case on the following questions:

1. Does the word "land" used in the municipal criminal trespass statute include dwelling house?

2. Whether the passageway in question constitutes a part of the dwelling house of the complainant?

3. Can an immigration inspector, assuming he is a trespasser, be held criminally as distinguished from civilly liable in trespass?

These memoranda were duly presented to the Court about a fortnight ago. I have studied these briefs very carefully. I have also studied the law on the case independently of these briefs and given very careful consideration to the entire case, and I am now ready to make my decision.

Let me take the points seriatim and discuss and decide them in the order in which they are mentioned above.

## I

■■ The word "land" includes the dwelling house, for obviously, when you are in the dwelling house you are also on the land, and where both the land and the house are owned by, or in the occupation of, the same person, you cannot be in the dwelling house without being on the land at the same time. Blackstone in the second volume of his Commentaries says on this point: "Land has an indefinite extent upward as well as downward. Therefore land legally includes all houses or buildings standing or built on it and whatever is in a direct line between the surface and the center of the earth."

## II

The passageway in question constitutes a part of the dwelling house. A dwelling house is defined in law as the apartment, building or cluster of buildings in which a man and his family resides. Bouv. L. D. 3rd Rev. Vol. 1, page 962. An accessory building under the same roof with the dwelling house is to be regarded as part of it whether there is any enclosure or act [not?]. Rex v. Brown, 22 Am. Dec. 148.

While there are some variations more of degree than of kind in the legal definitions of the term dwelling house, depending on the subject to which the definitions are applied, the substance of the law on this point seems to be clearly indicated in the following definitions. As used in a law which forbade a railroad company to pass through any dwelling in the occupancy of the owner or owners thereof without his or her consent, the dwelling house embraces as much of the curtilage as is necessary for a reasonable and proper enjoyment of the house as a residence in view of its location and surroundings.

The front porch of a dwelling house, covered by a roof, is a part of the dwelling, and the larceny of property from

the front porch is, in contemplation of law, a larceny from the dwelling house.

A veranda is a part of a dwelling house within the meaning of a covenant not to erect any dwelling house nearer than 25 feet from the front street line, and the house, including the veranda should be set back 25 feet therefrom.

In summary, the dwelling house includes such parts of the walks, pavements, passageways, porches, verandas, etc., as are necessary for a reasonable and proper enjoyment of the house as a residence. Since the passageway in question, if taken away, would have reduced materially the enjoyment of the dwelling house by the occupants, this Court holds that it was, and is, part of the dwelling house. The Court is particularly convinced on this point when it considers the fact that this passageway is enclosed on two sides and covered by the same roof which covers the entire dwelling house.

### III

■ The third question is whether the defendant, who is an immigration inspector of the United States, can be held criminally as distinguished from civilly liable when acting in the apparent exercise of the duties of his office.

Before answering that question let us examine if he was trespassing at all, whether civilly or criminally. The defendant does his duty under a Federal statute which gives him the legal right to enter upon land to search for aliens and for other pertinent purposes *without a warrant provided he does not enter into the dwelling house.* This proviso is in deference to the Constitution of the United States (Amend. 4; prec. 1 V.I.C.) and the Organic Act of the Virgin Islands (1936, § 34; prec. 1 V.I.C.; 48 U.S.C. § 1406g) which give to the People, as a Bill of Right, the right to be "secure in their persons, houses, papers and effect[s] against unreasonable searches and seizures."

The 6th [4th] article [amendment] of the said Constitution puts it this way. That no warrant shall issue but upon probable cause supported by oath or affirmation and particularly describing as the place to be searched and the persons or things to be seized. If the Federal immigration statute had said otherwise, I would still not have to enforce it because it would be unconstitutional and the Court is sworn to support the whole law of which the Constitution is first and paramount. The defendant had no warrant. Therefore, for his presence on the land to be legal he would have to show he was not in the dwelling of the complainant. I have already held that the part of the premises on which defendant was is a part of the dwelling house.

Therefore, he was a trespasser.

Now as to whether his trespass can be held to be civil only and not criminal — to answer that question we must look to our local statute. This law says: "anyone who enters on the land of another without the consent of the owner or person in charge thereof (without more) is guilty of a criminal trespass" (1921 Code, Title IV, ch. 10, § 68; 14 V.I.C. § 1741). This statute includes entering upon the land alone or on land and in a building combined, whether that building be a dwelling house or otherwise. The Federal immigration statute absolves him from liability in the first case, where he enters on land alone, but not in the second case where he enters on land and in a building where such building is a dwelling house. There is no law known to this court that would absolve him from liability for entering upon or into one's dwelling house without permission or legal warrant and no such law could exist as it would be contrary to the Constitution. It must also be noted that when an officer performs a duty imposed upon him (by authority of law) he must act within the scope of his

authority both in what he does and how he does it. If he needs a warrant and does not obtain it he is liable and if he gets a warrant and does not execute it in accordance with its provisions, and the provisions of law, he is liable again. And in either or both of these cases, the officer is on his own, that is, he is outside the pale and protection of the law. He is in the category of any other citizen. There can be only one difference between a public officer and the average citizen in contemplation of law. This difference exists when the officer acts in accordance with the law which makes him an officer and delimits his authority. If he acts contrary to the law, he acts at his peril like any other citizen. Therefore, since the defendant in this case acted without a warrant in a case in which there is, and can be, no law exempting him from the requirements of a warrant, since the Constitution and the Organic Act require a warrant, I am duly bound to uphold the principle embodied in these fundamental laws and to make a finding of guilty.

Now, before going further, I want to state that it is the Court's conviction that we all believe in the democratic process. I do not believe that any one will try to wreak revenge either on the people of this community or on the visiting aliens because either this case was brought or because the Court found the defendant acting outside the law, and guilty. So far, what we have seen is the orderly functioning of the democratic process. If further relief is expected or believed obtainable, this process permits such further action. Let us act within that process, without passion, revenge, spite or hate, all qualities equally unbecoming of people who profess to be good Americans.

In view of defendant's good record, he was fined $25.00 which was suspended in accordance with applicable law.